IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID A. BLEVINS,

      Plaintiff,

  v.                                    Civil Action 2:15-cv-2685
                                          Chief Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Jolson

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

      Plaintiff David A. Blevins filed this action under 42 U.S.C. §§ 405(g) and 1383(c) seeking review of the denial of his applications for a period of disability and disability insurance benefits by the Commissioner of Social Security (the "Commissioner"). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's statement of errors be **OVERRULED** and judgment be entered in favor of the Commissioner.

## I.  BACKGROUND

      Plaintiff applied for disability insurance benefits on May 2, 2012, alleging disability since April 16, 2012, due to back injuries, depression, anxiety, and nervous disorder. (Doc. 10-5 at Tr. 148–53, PAGEID #: 202–07). His application was denied initially on August 24, 2012 (Doc. 10-4 at Tr. 78, PAGEID #: 131), and upon reconsideration on February 5, 2013 (*id.* at Tr. 82, PAGEID #: 135). An ALJ held a hearing on April 22, 2014 (Doc. 10-2 at Tr. 33, PAGEID #: 84), and denied benefits in a May 1, 2014 decision (*id.* at Tr. 11–24, PAGEID #: 62–75). That became the Commissioner's final decision when the Appeals Council denied review on July 6,

2015.  (*Id.* at Tr. 1, PAGEID #: 52).  Plaintiff now appeals.  (Doc. 10-1–10-8 (administrative record); Doc. 18 (statement of errors); Doc. 24 (response); Doc. 25 (reply)).

### A. Plaintiff's Testimony at the Administrative Hearing

At the time of the administrative hearing, Plaintiff was 51 years old with an eleventh-grade education.  (Doc. 10-2 at Tr. 35, 36, PAGEID #: 86, 87).  Plaintiff worked as a forklift operator prior to his alleged onset date.  Much of Plaintiff's injury testimony concerned his back pain and spasms that extend into his legs, which began following a work-related accident.  (*Id.* at Tr. 37–38, PAGEID #: 88–89).

Plaintiff also testified about the limitations on his ability to walk, the subject of this appeal.  He told the ALJ that he "use[s] a cane from time to time," although he did not use one on the day of the hearing.  (*Id*. at Tr. 39, PAGEID #: 90).  When asked who prescribed the cane, Plaintiff testified that he "took it upon [him]self" to use it.  (*Id.* at Tr. 40, PAGEID #: 91).  Plaintiff explained that he did not purchase the cane—it "was [his] grandfather's, and he'd "had it for years."  (*Id*.).

Plaintiff testified that he could walk for about an hour and stand for between 45 minutes and an hour.  (*Id.* at Tr. 41, PAGEID #: 92).  After his alleged onset date, Plaintiff continued to work through a temporary service agency, averaging approximately 32 hours per week.  (*Id.* at Tr. 38–39, PAGEID #: 89–90).  When asked how long he sat at his current job, Plaintiff answered, "[w]ithout getting up and stretching, maybe four hours."  (*Id.* at Tr. 41, PAGEID #: 92).  Plaintiff did not testify about any walking requirements for the position.

Regarding his daily activities, Plaintiff cares for himself physically, shops, cuts the grass, drives, and occasionally cooks. (*See id.* at Tr. 44–45, PAGEID #: 95–96).

B.     Relevant Medical Background

On February 18, 2014, Plaintiff's treating physician, Dr. Randolph Schultz, noted that Plaintiff "report[ed] needing to use a cane due to back pain with walking." (Doc. 10-8, at Tr. 607, PAGEID #: 665). Dr. Schultz's exam notes from the same day indicate that Plaintiff had a "normal gait [without] foot drop." (*Id.* at Tr. 608, PAGEID #: 666). In a form medical opinion regarding physical capacity for work, Dr. Schultz checked the box indicating that Plaintiff should be limited to sedentary work, which "may involve walking or standing for brief periods of time." (*Id*. at Tr. 606, PAGEID #: 664).

Plaintiff's chiropractor, Dr. Robert Chaykin, completed a physical capacity evaluation form in April 2013, checking a box to reflect that Plaintiff could walk for less than two hours in an eight-hour day. (Doc. 10-7 at Tr. 528, PAGEID #: 585). Consultative examiner Dr. Richard Ward checked the same box on a form completed in August 2013. (*Id*. at Tr. 584, PAGEID #: 641). In an accompanying letter, Dr. Ward noted that Plaintiff walked "slowly with a stiff back" and "uses a cane." (*Id*. at Tr. 587, PAGEID #: 644).

After examining Plaintiff in January 2013, consultative examiner Dr. Herbert A. Grodner described Plaintiff's gait as "slow" and "deliberate," but noted that Plaintiff did "not require an ambulatory aid." (*Id.* at Tr. 488, PAGEID #: 545). Dr. Grodner also remarked that Plaintiff's "[t]oe and heel walking is normal." (*Id.*). Dr. Grodner opined that Plaintiff "would have some difficulty with significant weight bearing activities," such as "prolonged walking," but he maintained the ability to perform "sedentary or light activities." (*Id.* at Tr. 489, PAGEID #: 546). In February 2013, state agency medical consultant Dr. Teresita Cruz agreed, finding, *inter alia*, that Plaintiff had the ability to "stand and/or walk" approximately "6 hours in an eight-hour workday" and is "capable of performing light work duties." (Doc. 10-3 at Tr. 72, 76, PAGEID

3

#: 124, 128).  Examining physician Dr. Girrij Bansal also noted that Plaintiff's extremity and neurological examinations were normal.  (Doc. 10-7 at Tr. 476, PAGEID #: 533, Tr. 479, PAGEID #: 536), Tr. 481, PAGEID #: 538)).

### C. The ALJ's Decision

The ALJ determined that Plaintiff has the following severe impairments: "degenerative disc disease of the lumbrosacral spine, generalized anxiety disorder and depressive disorder not otherwise specified."  (Doc. 10-2 at Tr. 13, PAGEID #: 64).

The ALJ noted Plaintiff's claimed inability to "walk for long periods of time" and "stand continuously for more than six hours" (*id*. at Tr. 16, PAGEID #: 67) but found there was "no medical evidence from a medically acceptable source that shows the claimant's impairments cause an inability to ambulate effectively. . . " (*id.* at Tr. 14, PAGEID #: 65; *see also id.* at Tr. 20, PAGEID #: 71 (noting that medical evidence does not establish that Plaintiff requires "an assistive device for ambulation"); (*id*. at Tr. 21, PAGEID #: 72 (stating that, "although claimant reported he 'intermittently' uses a cane for ambulation, this cane was not prescribed by a medically acceptable source")).  In making that finding, the ALJ noted Dr. Grodner's report that Plaintiff had normal gait and posture, and that, "although slow, [Plaintiff] ambulated with a deliberate gait without the use of an assistive device."  (*Id.* at Tr. 17, PAGEID #: 68).  He also noted Dr. Schultz's determination that Plaintiff had "normal sensation in his extremities and ambulated with normal gait without foot drop" (*id.* at Tr. 18, PAGEID #: 69), and Dr. Bansal's finding that Plaintiff's extremity and neurological examinations were normal (*id*. at Tr. 17, PAGEID #: 68).  In addition, the ALJ found Dr. Cruz's opinion to be "well supported by the treatment records that show evidence of back pain but without weakness or neurological deficits."  (*Id*. at Tr. 20, PAGEID #: 71).

4

Relying on these and other considerations, the ALJ ultimately concluded that Plaintiff has the residual functional capacity to perform light work.  (*Id*. at Tr. 16, PAGEID #: 67 (with additional limitations unrelated to walking)).  Based upon the foregoing and his finding that jobs exist in significant numbers in the national economy that Plaintiff could perform, the ALJ denied benefits.  (*See id.* at Tr. 22–24, PAGEID #: 73–75).

## II. STANDARD OF REVIEW

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see* 42 U.S.C. § 405(g).  "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).  The Commissioner's findings of fact must also be based upon the record as a whole.  *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).  To this end, the Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision.  *Rhodes v. Comm'r of Soc. Sec.*, No. 2:13-cv-1147, 2015 WL 4881574, at *2 (S.D. Ohio Aug. 17, 2015).

## III. DISCUSSION

Plaintiff assigns two errors.  First, he contends that the residual functional capacity ("RFC") is not supported by substantial evidence because it fails to account for his walking limitations.  Second, Plaintiff argues that the ALJ erred in assigning "great weight" to Dr. Grodner's opinion.

5

### A. Plaintiff's Walking Limitations

Plaintiff first argues that the ALJ erred in finding that he could perform light work because that RFC fails to account for his limited ability to walk. (Doc. 18 at 16). Plaintiff reads the medical evidence to support "at least some degree of limitation in his ability to walk." (*Id.* at 17). Plaintiff asserts that, absent consideration of his walking limitations, the RFC that the ALJ assigned is not supported by substantial evidence. (*Id.* at 16–18).

The ALJ considered Plaintiff's ability to walk in assessing his RFC. In particular, he considered Plaintiff's claimed inability to "walk for long periods of time" and "stand continuously for more than six hours" (Doc. 10-2 at Tr. 16, PAGEID #: 67), but found "no medical evidence from a medically acceptable source that shows the claimant's impairments cause an inability to ambulate effectively. . . " (*id.* at Tr. 14, PAGEID #: 65; *see also id.* at Tr. 20, PAGEID #: 71 (noting that medical evidence does not establish Plaintiff's need for "an assistive device for ambulation"); (*id*. at Tr. 21, PAGEID #: 72 (noting that Plaintiff's intermittent cane use was not prescribed)). In examining Dr. Grodner's opinion, the ALJ assigned it "great weight" because it was consistent with Dr. Bansal's finding that Plaintiff's extremity and neurological examinations were normal. (*Id*. at Tr. 17–18, PAGEID #: 68–69). Thus, the ALJ relied on Dr. Grodner's opinion that: Plaintiff had normal gait and posture; Plaintiff ambulated without the use of an assistive device; and Plaintiff was capable of performing, *inter alia*, light activities. (*Id*. at Tr. 17, PAGEID #: 68). The ALJ also considered Dr. Schultz's determination that Plaintiff had "normal sensation in his extremities and ambulated with normal gait without foot drop." (*Id.* at Tr. 18, PAGEID #: 69). As to Dr. Cruz's opinion, the ALJ found it to be "well supported by the treatment records that show evidence of back pain but without weakness or neurological deficits" (*id*. at Tr. 20, PAGEID #: 71), and relied on her

determination that Plaintiff has the ability to "stand and/or walk" approximately "6 hours in an eight-hour workday" (Doc. 10-3 at Tr. 72, PAGEID #: 124) and is "capable of performing light work duties" (*id.* at Tr. 76, PAGEID #: 128).

Considering the record as a whole, the ALJ found Plaintiff's testimony concerning his capabilities were not entirely supportive of the claimed limitations. (Doc. 10-2 at Tr. 16, PAGEID #: 67). The ALJ observed that Plaintiff cares for his own personal needs, cares for his pets, shops, mows the lawn, drives, and helps prepare meals. (*Id.* at Tr. 14, PAGEID #: 65). The ALJ also referred to Plaintiff's function report, in which he indicated that he could stand for six hours. (*Id.* at Tr. 16, PAGEID #: 67); (Doc. 10-6 at Tr. 196, PAGEID #: 251). Based upon these considerations, the ALJ determined that Plaintiff is capable of performing light work. (Doc. 10-2 at Tr. 15–16, PAGEID #: 66–67).

Evidence exists which would support a greater limitation on Plaintiff's ability to walk: Dr. Schultz opined that Plaintiff should be limited to sedentary work, involving "walking or standing for brief periods of time" (Doc. 10-8 at Tr. 606, PAGEID #: 664), and Drs. Chaykin and Ward opined that Plaintiff could walk for less than two hours per day (*id.* at Tr. 528, PAGEID #: 585; *id.* at Tr. 584, PAGEID #: 641). Plaintiff looks to that evidence and argues, at base, that the ALJ should have relied on Drs. Schultz, Chaykin, and Ward, rather than Drs. Grodner, Bansal, and Cruz.

But the relevant legal standard is not whether this Court agrees with the ALJ's decision to choose one source's opinion over the others. *See Mullins v. Sec'y of HHS*, 836 F.2d 980, 984 (6th Cir. 1987) (noting that "the weight to be given opposing medical opinions" is "clearly not a basis for setting aside the ALJ's factual findings"). As this Court observed in *Lowry v. Astrue*:

> It is not the Court's role to sift through the facts and make a *de novo* determination of whether a claimant is disabled. The administrative law judge, not

7

> the Court, is the finder of fact. *Siterlet v. Secretary of Health & Human Services,* 823 F.2d 918, 920 (6th Cir. 1987). So long as the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g). *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In a close case, where there is substantial evidence supporting the administrative law judge's resolution of the disputed facts, the Court must affirm even if it would likely have resolved the disputed facts in plaintiff's favor had it been a trier of fact. *Nunn v. Bowen,* 828 F.2d 1140, 1144 (6th Cir. 1987); *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir.1983). There is a large zone of choice where the Commissioner's decision to deny benefits is supported by substantial evidence….

2:07-cv-1004, 2009 WL 498029, at *2 (S.D. Ohio Feb. 24, 2009). As set forth above, there is "more than a scintilla of evidence" that a reasonable mind might accept to support the ALJ's conclusion that Plaintiff could perform light work. *See, e.g.*, *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004) (finding the ALJ properly rejected claimed limitations in plaintiff's walking abilities based upon conflicting record evidence). Because substantial evidence supports the ALJ's decision, it must be upheld.

### B. Weight Assigned To Dr. Grodner's Opinion

Plaintiff's second assignment of error is tantamount to a recitation of the first—Plaintiff argues that the ALJ erred in assigning great weight to Dr. Grodner's opinion, and that his decision to do so is not supported by substantial evidence. Plaintiff makes three arguments in support of this assignment of error: First, Plaintiff claims that it was "unreasonable" for Dr. Grodner "to opine that a person with a slow, deliberate gate [sic] upon examination is capable of maintaining competitive work activity (wherein they are required to spend a majority of the workday standing and walking)." (Doc. 18 at 19). Second, Plaintiff argues it was improper for the ALJ to give great weight to Dr. Grodner's opinion because it was consistent with Dr. Bansal's findings. (*Id.*). Last, Plaintiff asserts that, although "[i]t may be the case that Dr. Grodner's opinion is consistent with the normal extremity and neurological findings in the

8

record, . . . the record as a whole does not support his opinion that [Plaintiff] is capable of light work." (*Id.*).

As to Plaintiff's first argument, it is for the ALJ, and not this Court, to determine whether a medical opinion is reasonable. *See Lowry*, 2009 WL 498029, at *2. For example, the ALJ has discretion to deem a medical opinion unreasonable if the source does provide adequate reasons or is not based on "medically acceptable clinical and laboratory diagnostic techniques." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–45 (6th Cir. 2004). Plaintiff does not make those arguments here. Instead, Plaintiff simply disagrees with Dr. Grodner's conclusion that he is capable of performing light work. Plaintiff points to no law in support of his position that, as a matter of course, a slow and deliberate walk renders a person incapable of performing light work. The ALJ determined that Dr. Grodner's opinion was reasonable, and it was within the ALJ's considerable discretion to do so.

Plaintiff's second argument—that the ALJ should not have assigned great weight to Dr. Grodner's opinion because it was consistent with Dr. Bansal's findings—consists of a single sentence: "It must be noted that Dr. Bansal's records amount to nothing more than check-box-type forms, and near-illegible handwriting." (Doc. 18 at 18). As Defendant explains, while parts of Dr. Bansal's records are difficult to read, they make clear in several instances that Plaintiff's extremity and neurological examinations were normal. (*See* Doc. 24 at 5 (citing Tr. 476, PAGEID #: 533; Tr. 479, PAGEID #: 536; Tr. 481, PAGEID #: 538)). Thus, the Court does not find err on this basis.

Last, Plaintiff argues that Dr. Grodner's opinion is unsupported by the record as a whole. Again, Plaintiff argues Dr. Grodner's opinion "is inconsistent with the opinions of Dr. Ward, Dr. Shultz [sic], and Dr. Chaykin" and cites their notes to demonstrate that the record is "not without

9

notation of physical exam abnormality," and to "place the 'normal extremity and neurological exams' in context." (Doc. 18 at 19–20). Once more, Plaintiff refers to Dr. Grodner's mention of his slow, deliberate gait, and notes Dr. Grodner's observation that Plaintiff had difficulty rising from a seated position, decreased range of motion, and back pain. (*Id*. at 19). Finally, to "buttress[ ]" his argument, Plaintiff mentions that Dr. Grodner did not "review the MRI or EMG evidence, or evidence from any other treating or examining source." (*Id*. at 21).

For the reasons set forth above, the Court will not usurp the ALJ's fact-finding role based on Plaintiff's disagreement concerning the weight assigned to the opposing medical opinions. *See Mullins*, 836 F.2d at 984. Plaintiff is correct that Dr. Grodner observed some limitations; however, the vast majority of Dr. Grodner's findings were normal. (*See, e.g.*, Doc. 10-7 at Tr. 488–89, PAGEID #: 545–46 (noting no clubbing, cyanosis, or edema; good peripheral pulses and an ability to squat partially; normal toe and heel walking; present and symmetrical deep tendon reflexes; no sensory or motor deficits; 5/5 strength in all muscle groups; joints appearing normal; a negative straight leg raise; no evidence of compression fractures or other problems)). Further, although Dr. Grodner did not review the EMG and MRI results, the ALJ summarized the findings of those results and found them to be consistent with Dr. Grodner's opinion. (Doc. 10-2 at Tr. 16–17, PAGEID #: 67–68 (noting that the MRI "revealed degenerative disc disease of the lumber spine with 'mild' central stenosis and 'mild' compression of the thecal sac at L5-S1 (Exh. 2F, p. 2)" and the EMG results did not show "evidence of lower extremity peripheral neuropathy or lumbrosacral plexopathy (Exh. 10F, pp 2 – 3)"). Moreover, Plaintiff does not argue that those results are indicative of his walking limitations. In sum, because substantial evidence supports the ALJ's decision, Plaintiff's second assignment of error is without merit. *Collins v. Comm'r of Soc. Sec.*, 357 F. App'x 663, 668 (6th Cir. 2009) (finding that "[d]iscretion is vested in the ALJ

to weigh all the evidence") (internal quotations and citation omitted).

## IV.     RECOMMENDED DISPOSITION

Because the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards, it is **RECOMMENDED** that the Plaintiff's statement of errors be **OVERRULED** and that judgment be entered in favor of the Commissioner.

## V.     PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  July 28, 2016              /s/ Kimberly A. Jolson
                                  KIMBERLY A. JOLSON
                                  UNITED STATES MAGISTRATE JUDGE